**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

MARIA SANTIAGO RIVERA

    Plaintiff

    v.                                **CIVIL NO.** 06-1182 (GAG)

COMMISSIONER OF SOCIAL SECURITY

    Defendant

**MEMORANDUM OPINION AND ORDER**

    The present case is hereby **REMANDED** to the Commissioner of Social Security for proceedings consistent with this order. The ALJ below determined that plaintiff retained the RFC to return to her past relevant work (Tr. 27). The ALJ's basis for said determination is uncertain from a review of the record. Plaintiff's Social Security file contains two physical RFC determinations, that of Dr. Berríos, a long-time treating physician (Tr. 237-238), as well as that of Dr. Díaz, a non-examining physician (Tr. 178-185). That of Dr. Berríos reports a "poor" prognosis (tr. 238). That of Dr. Díaz, contrariwise, reports that plaintiff could frequently lift up to 25 pounds, and occasionally up to 50, sit/walk/stand for about 6 hours a day, and, had unlimited ability to push/pull (Tr. 179).

    Nowhere, in the record, does the ALJ explain how and why he rejects Dr. Berrios' RFC assessment, which is consistent with earlier assessment by the same doctor (see Tr. 155-156; 193-194). Moreover, the ALJ further rejects Dr. Díaz's RFC findings, finding in turn that plaintiff does have some limitations (Tr. 23 at ¶ 5).

    Certainly, the medical evidence of record, which this Court has examined, could support a possible finding of "disabled" or "not disabled". The responsibility of weighing such conflicting evidence falls on the ALJ. Seavey v. Barnhart, 276 F. 3d 1, 10 (1st Cir. 2001). However, here, the ALJ's physical RFC determination is not specifically supported by an RFC assessment from a medical expert, either treating or non-treating. An ALJ, as a lay factfinder, lacks the expertise to make a medical conclusion. Rivera-Torres v. S.H.H.S, 837 F 2d 4, 7 (1st Cir. 1988). Thus, here, the

**Civil 06-1182 (GAG)** 2

ALJ could not have rejected both medical RFCs to, in turn, conclude that plaintiff's RFC lied somewhere in between.

The present case, thus, must be **REMANDED** to the ALJ for a proper physical RFC determination, based on an RFC assessment performed by a physician.[1] Upon remand, the ALJ is free to consider additional evidence of plaintiff's physical or mental condition, as well as VE testimony, if warranted. This ruling does not constitute an opinion on the ultimate merits of plaintiff's claim.

**SO ORDERED.**

In San Juan, Puerto Rico this 9th day of August, 2006.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge

---

[1] In this respect, the Court notes that the use of RFC assessments from non-treating sources is highly discouraged. See Delgado Quiles v. Commissioner of Social Security, 381 F. Supp. 2d 5, 9 (D.P.R. 2005) (citations omitted).